In re SANBORN.

(District Court, D. Vermont. September 11, 1899.)

No. 131.

1. BANKRUPTCY—SALE OF PROPERTY FREE OF INCUMBRANCE.

A referee in bankruptcy, sitting as a court of bankruptcy, has power to order the trustee of a bankrupt to sell free of incumbrances personal property of the bankrupt in his possession, but covered by a chattel mortgage, on notice to the incumbrancer, and to approve the sale when made.

2. SAME—APPROVAL OF SALE BY REFEREE.

Where a creditor of the bankrupt was secured both by a mortgage of personalty and a mortgage of realty, and there was some doubt as to the property covered by the chattel mortgage, and the referee ordered the trustee to sell the personal property free of incumbrances, which was done, for a price found to be its fair cash value, though this was less than the

amount of the mortgage debt, *held*, that the referee's approval of the sale thus made was within the fair exercise of his discretion.

In Bankruptcy.

John L. Spring, for petitioner.

George A. Weston, for trustee in bankruptcy.

WHEELER, District Judge. This is a petition for review of the approval by the referee of a sale by the trustee of mortgaged personal property, free of incumbrance, for less than the amount of the mortgage debt, which was large in proportion to this property, and was further secured by a mortgage of real estate being foreclosed by possession under a judgment on a writ of entry. That the referee, sitting as a court in bankruptcy, has power to order and to approve a sale, free of incumbrance, of property in possession by the trustee, on notice to the incumbrancer, seems to be clear. This was deduced by the supreme court of the United States from similar provisions in this respect to the present act in the act of 1841. In re Christy, 3 How. 292; Houston v. Bank, 6 How. 486. The same conclusion was announced on the corresponding provisions of the act of 1867 in Ray v. Norseworthy, 23 Wall. 128. In the latter case Mr. Justice Clifford, in delivering the opinion of the court, said, "Beyond all doubt the property of a bankrupt may, in a proper case, be sold, by order of the bankrupt court, free of incumbrance." What would be a proper case is a matter of discretion. Loveland, Bankr. 574. There appears to have been some confusion as to what property was covered by the mortgage, and a sale free of incumbrance might be advantageous as to that in question. The whole amount of the sales of that found to be covered by this mortgage is only $65.40, which is found to be the fair cash value. Setting aside the sale would have required the trustee to gather back numerous articles and animals of small and changeable value, and to return the prices paid to the purchasers, and would give the mortgagee the right only to have them sold again in the same way. The approval of the sale under these circumstances seems to be within the scope of the fair exercise of the discretion involved. Proceedings affirmed.