## In re STYER.

(District Court, E. D. Pennsylvania. December 12, 1899.)

### No. 95.

**1. BANKRUPTCY—JURISDICTION OF REFEREE—SALE OF REALTY.**
A referee in bankruptcy has authority to appoint appraisers to value the estate of the bankrupt, and to order the trustee to sell the real estate free of liens, his action in that behalf being subject to review by the judge; but, in case the property is in the hands of a receiver before adjudication, appraisement or sale can be ordered only by the court.

**2. SAME—SALE FREE OF LIENS.**
The court of bankruptcy will not order a trustee in bankruptcy to sell the bankrupt's real property free of liens, unless satisfied that the interests of the general creditors will be advanced thereby, and that the interests of creditors holding liens on such property will not be injuriously affected.

In Bankruptcy. On review of order of referee in bankruptcy directing trustee to sell real property of the bankrupt free of liens.

Edward H. Hall, for trustee in bankruptcy.

Edward A. Price, Edward Jones, Horace L. Cheyney, and John T. Reynolds, for lien creditors.

McPHERSON, District Judge. A question of practice was raised upon the argument of these exceptions, which it may be desirable to settle, namely, whether a referee has authority to order a sale of the bankrupt's property. Clause 7 of section 1 of the act provides that the word "court" shall mean "the court of bankruptcy in which the proceedings are pending, and may include the referee." Gen. Order No. 18 (32 C. C. A. xx., 89 Fed. viii.) and forms 42, 44, 45, and 46 (32 C. C. A. lxxiii.–lxxv., 89 Fed. xlix–li.), show a con-

struction of this clause by the supreme court in favor of the referee's authority upon the point in controversy. But any order made by the referee is subject to revision by the district court.

Similar remarks may be made concerning the referee's authority to appoint appraisers. See form 13 (32 C. C. A. lviii., 89 Fed. xxxiv.).

When the property is in the hands of a receiver before adjudication, the district court is, of course, the only tribunal that can appoint the appraisers or order a sale.

The referee had authority, therefore, to make the order now under consideration, but I find myself obliged to disagree with his conclusion that the sale should be ordered. Without deciding the question whether this court has power to sell a bankrupt's real estate discharged of liens, and assuming, for present purposes, that such power exists, it is clear that the sale should not be ordered unless the court is satisfied that the interest of the general creditors would thus be advanced, and that the interest of the lien creditors would not be injuriously affected. In the present case I am not satisfied upon this point. I think the interest of the general creditors quite as likely to be advanced by accepting the proposition of the mortgage creditors, stated orally at the argument and repeated in the briefs of their counsel, while this course will also relieve the court of apprehension lest the interest of the mortgage creditors might suffer by a sale discharged of liens.

If, therefore, the Delaware County Mutual Insurance Company file a stipulation within 10 days in the office of the clerk, agreeing to make no claim upon the personal estate of the bankrupt, either by virtue of its mortgage or of the bond secured thereby; and if El Dorado Manley, individually and as guardian, file a stipulation within 10 days in the office of the clerk, agreeing that, if he becomes the purchaser of the nine-acre tract, he will make no claim upon the personal estate of the bankrupt, save in respect of the difference between the price at which he may buy the property, or between the appraised value of the tract, whichever sum may be the greater, and the aggregate amount of the judgments upon his mortgages,—the clerk will enter an order sustaining the exceptions.