Backing is the part of the wall which does not appear on the front. Q. Do you know what the quantity in cubic yards of backing in that wall is? A. Not accurately. Q. Do you know it approximately? A. Yes. Q. What is it approximately? A. It would be 3,180 yards."

The contractor excluded the stretchers and headers of the front courses, but his cross-examination gave ground for including them. The further examination of the assistant engineer was to the apparent effect that these stretchers and headers should be included, but left the backing doubtful. The stretchers appear to have had required dimensions in all three ways—length, breadth, and thickness—but the backing only in thickness. At the trial the evidence seemed sufficient as to the backing to be submitted to the jury. On this review it does not appear to have been adequate to support the finding. The verdict should, in this view, be set aside now, unless that part is obviated; and the plaintiff may prefer to cure it by remission, and should be granted that opportunity. The amount is a mere matter of computation. It is $7,679.70.

If the plaintiff remits $7,679.70 of the verdict within 20 days, let the motion be overruled, and judgment entered on the remainder; if not, the motion is granted.

---

### In re KEET.

(District Court, M. D. Pennsylvania. December 23, 1903.)

BANKRUPTCY—SALE OF ASSETS—LIENS—JURISDICTION—DISCRETION.

   A court of bankruptcy has power, in its discretion, to order a sale of the bankrupt's property free from liens thereon, though not expressly given in the bankrupt act.

SAME.

   Where, by a prompt sale of a bankrupt's assets, interest accruing on liens thereon and taxes will be saved, and the sale could be made by the trustee with less expense than by the sheriff on foreclosure of the liens, which would enable the estate to be settled promptly, without awaiting the outcome of an action by lien creditors to enforce their liens, and the bankrupt's wife had quitclaimed her dower in the property to the trustee, such facts were sufficient to move the court to exercise its discretion to order an immediate sale of the assets free from the liens.

Exceptions to Order of Referee Directing a Sale of Real Estate.

Wm. M. Hargest and John C. Nissley, for trustee.

Benj. M. Nead and Danl. S. Sietz, for exceptants.

ARCHBALD, District Judge. There can be no question as to the authority of the District Court to order a sale of the bankrupt's property, free and clear of liens. This is essential to a complete administration of the bankrupt's estate, and will be implied from the general provisions of the present act, even though not expressly given, as in the preceding act of 1867. Collier on Bankruptcy (4th Ed.) 521; Brandenburg on Bankruptcy, § 1195; Ex parte Christy, 3 How. 292, 11 L. Ed. 603; Nugent v. Boyd, 3 How. 426, 11 L. Ed. 664; In re Pittelkow, 1 Am. Bankr. Rep. 472, 92 Fed. 901; Southern Loan & Trust Co. v. Benbow, 3 Am. Bankr. Rep. 9, 96 Fed. 514; In re San-

born, 3 Am. Bankr. Rep. 54, 96 Fed. 551; In re Waterloo Organ Co., 9 Am. Bankr. Rep. 427, 118 Fed. 904. It is not, therefore, a matter of power, but of discretion; and while, ordinarily, the latter will not be exercised in favor of a sale where the incumbrances equal the value of the property (In re Styer, 3 Am. Bankr. Rep. 424, 98 Fed. 290; In re Shaeffer, 5 Am. Bankr. Rep. 248, 105 Fed. 352; In re Cogley, 5 Am. Bankr. Rep. 731, 107 Fed. 73), yet there are considerations in the present instance which seem to make it advisable. By a prompt sale at this time, accruing interest and taxes will be saved, a sale can be made by the trustee with less expense than by the sheriff, and the estate will be able to be settled promptly, without awaiting the outcome of the action of the lien creditors in enforcing their liens, all of which is in the interest of the general creditors, which is that which should control. The wife of the bankrupt has also quitclaimed her dower to the trustee, so that the purchaser will take clear of that interest, which is quite material. It is suggested that at a sale by the sheriff more bidders are likely to be present, and so a more favorable price secured. But with the existing incumbrances on the property, the holders will be compelled to protect their interests themselves, and the property will undoubtedly go off to one of them, so that the presence of others will be of little account. All things considered, I am therefore satisfied that a sale should be made by the trustee, as ordered.

The exceptions are overruled, and the order of sale confirmed.

---

### STRICKER v. THE MAURICE.

(District Court, E. D. Pennsylvania. March 4, 1904.)

#### No. 22.

1. TOWAGE—LIABILITY FOR INJURY OF TOW—NEGLIGENT STEERING.

The master of a barge in tow in a narrow channel, and especially in approaching a bridge with a still narrower draw, is bound, no less than the tug, to exercise vigilance for the safety of his vessel, and the tug cannot be held liable for an injury to the barge which would not have occurred if it had been properly steered.

2. SAME—MANNER OF MAKING UP TOW.

A barge which consents to being towed with another abreast assumes whatever added risk arises from such method of towing.

In Admiralty. Suit for injury to tow.

Horace L. Cheyney, for libelant.

Willard M. Harris, for The Maurice.

John L. Kinsey and Harry T. Kingston, for city of Philadelphia.

J. B. McPHERSON, District Judge. I do not think it necessary to discuss in detail the evidence in this case. It presents the usual difficulties and contradictions, but makes up for them to some extent by offering the testimony of several disinterested witnesses, whose account of what they saw is entitled to considerable weight. In a word, I have come to the conclusion that the barge Rogers, which be-