### In re HERSHBERGER.

(District Court, M. D. Pennsylvania.    October 1, 1913.)

#### No. 2,301.

1. BANKRUPTCY (§ 482*)—PROVABLE CLAIMS—CONTRACT FOR ATTORNEY'S FEES.

　Where a judgment called for an attorney's commission of 5 per cent. "if collected by legal process," and the creditor employed an attorney, who was proceeding to collect by process, when the debtor was adjudged bankrupt, he was entitled to the allowance of a reasonable fee, not exceeding 5 per cent., for the services of his attorney, from the proceeds of the property on which the judgment was a lien.　On the other hand, when under a similar contract no process had been issued, no attorney's commission was allowable.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

2. BANKRUPTCY (§ 267*)—MORTGAGE LIENS—INTEREST.

　On the sale by the court of real estate of a bankrupt free from the lien of a first mortgage, such lien is transferred to the proceeds, under the Pennsylvania Statutes, and the mortgagor is entitled to interest until actual payment is made.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 371, 380; Dec. Dig. § 267.*]

In Bankruptcy. In the matter of Charles D. Hershberger, bankrupt. On review of referee's report of audit. Modified.

Andrew Hourigan, O. H. Dilley, and W. N. Reynolds, all of Wilkes-Barre, Pa., for exceptants.

W. H. Goodwin, of Wilkes-Barre, Pa., for trustee.

WITMER, District Judge. [1] Joseph K. Weitzenkorn held a judgment against the bankrupt, entered to No. 308 May term, 1911, court of common pleas of Luzerne county. The judgment was for $3,509, dated April 3, 1911, payable one day after date, and in addition to the

debt and interest calls for a "five per cent., attorney's commission if collected by legal process." The plaintiff made numerous demands for its payment, which were refused by the defendant, resulting in the employment of an attorney who, on October 22, 1912, proceeded to collect by issuing a fieri facias on the judgment. The following day a petition in bankruptcy was filed, the execution was stayed, and on distribution of the fund realized from the sale of the premises, bound by the lien, the referee disallowed the claim for attorney's commission.

In this there was error. At the time the petition in bankruptcy was filed there was a fixed liability, on the part of the bankrupt, which had attached to his obligation for compensation to plaintiff's attorney necessarily incurred to collect his judgment. It is true that collection of it was not effected by the legal proceedings then instituted; however, it is equally certain that the plaintiff had invoked legal aid to enforce collection of his judgment at a time when he had every assurance that the defendant would reasonably pay for the same. The exact phraseology of the usual stipulations, including the one under consideration, in instruments for the payment of money is of no importance if from the language employed it plainly appears that the creditor should be indemnified for his reasonable expense of counsel fees in attempting to collect the money by legal process, and when such is apparent, as in this case, liability attaches to the obligation when the creditor shall be subjected to the expense reasonably incurred by the employment of counsel to collect the money, not exceeding the agreed limit. Imler v. Imler, 94 Pa. 375; In re Edens & Co. (D. C.) 18 Am. Bankr. Rep. 643, 151 Fed. 940.

It does, however, not necessarily follow that the amount specified in the instrument must be allowed. Compensation for the services necessitated should be reasonable and commensurate with the services rendered, not exceeding the limit fixed in the instrument; and what constitutes such necessarily must rest in the sound discretion of the court, "which is to be exercised upon equitable principles, having regard to the circumstances of each case." Salsbury v. Mack, 1 Pa. Dist. R. 492.

The services of the attorney having been materially limited in the collection of the judgment, by the bankruptcy proceedings, a fee of $100 is regarded as reasonable compensation for the services performed, and this amount is allowed.

The other matters brought here for review relate to the mortgage of Wm. N. Reynolds, Jr., being a first lien upon the bankrupt's real estate, given for the sum of $3,800, with interest payable every six months, containing an allowance of 5 per cent. for attorney's commission, if execution is issued. The exceptions are:

(1) Because interest was allowed only to August 9, 1913 (confirmation of sale of real estate), and not to August 22, 1913, the date of the audit.

(2) In not allowing prothonotary's costs and the sheriff's costs incurred on the writ of fieri facias.

(3) In not allowing to C. N. Bowman, attorney for your exceptant, 5 per cent. attorney's commission, as provided in the bond and mortgage, by reason of writ of fieri facias having been issued upon said judgment bond amounting to $199.

The last two propositions have already been decided against the exceptant in passing upon the right to attorney's commission claimed on the judgment of Joseph K. Weitzenkorn. It was, in connection therewith, said that the attorney's commission is allowable because the bankrupt's liability to pay for legal process had attached to his obligation or instrument prior to the filing of the petition; hence the converse, by the same process of reasoning, must also be admitted that where, as in this instance, legal process had not been resorted to for the collection of the instrument, before filing, costs and fees incurred subsequent will not be allowed.

[2] The other exception that interest should have been allowed to the date of audit will be affirmed. It is true, as said by the referee:

"In Pennsylvania interest on a judgment runs until the date of the sheriff's sale, out of the proceeds of which the judgment is payable. Walton v. West, 4 Whart. [Pa.] 221; Glacheus' Est., 9 Pittsb. Leg. J. 50; Fackler v. Bale, 1 Pears. [Pa.] 171; Bachdell's Appeal, 56 Pa. 386; Potter v. Langstrath, 151 Pa. 216 [25 Atl. 76]. On an orphans' court sale of real estate, interest ceases at the return day of the order of sale. Ramsey's Appeal, 4 Watts [Pa.] 71. In case of a sale by an assignee for the benefit of creditors, interest on liens ceases on final confirmation by the court, and not on the date of distribution. Carver's Appeal, 89 Pa. 276; Tomlinson's Appeal, 90 Pa. 224; Herbst's Appeal, 90 Pa. 353; Burkholder's Appeal, 94 Pa. 522; Scheafer's Appeal, 14 Lanc. Bar, 170; North v. Cathrell, 22 Lanc. L. R. 150. In the sale of a decedent's land for payment of debts, interest is calculated down to date of confirmation of sale. Wanger's Appeal, 14 Wkly. Notes Cas. 429."

However, it will not be argued that the lien of the mortgage under consideration, being a lien prior to all other liens, could have been discharged by any judicial sale in face of the Pennsylvania statute of May 8, 1901 (P. L. 141). Now, while the land bound by it may be divested, by the bankruptcy court, through sale of the aliened premises for the benefit of the bankrupt's general creditors, by authority of the bankruptcy act (In re Vulcan Foundry & Machine Co., 24 Am. Bankr. Rep. 825, 180 Fed. 671, 103 C. C. A. 637; In re Frank S. Keet [D. C.] 11 Am. Bankr. Rep. 117, 128 Fed. 651), such act will not permit the lien to become impaired thereby (Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]). After sale the lien will attach to the fund realized until actual payment is made, or its nigh equivalent in the form of, a decree authorizing such.

It was said by Judge Orr, in Re Torchia (D. C.) 185 Fed. 584:

"Interest is allowable on such a mortgage to the date of payment of the principal. Having been transferred from the land to the fund realized by sale, they must be payable when and only when the fund is distributable; that is, when the referee under the bankruptcy act first prepares a decree or order for distribution."

And this was tacitly affirmed on appeal; In re Torchia, 188 Fed. 207, 110 C. C. A. 248. See, also, In re Allert (D. C.) 23 Am. Bankr. Rep. 101, 173 Fed. 691.

The report of distribution will be modified as herein indicated.