## In re VANOSCOPE CO.

(Circuit Court of Appeals, Second Circuit. May 8, 1917.)

No. 258.

BANKRUPTCY ⟜260—SALE OF PROPERTY BY TRUSTEE—OBJECTION BY ADVERSE CLAIMANT.

An adverse claimant of property also claimed by a trustee in bankruptcy has no standing to object to an order directing the trustee to sell his "right, title, and interest" in the property.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

In the matter of the Vanoscope Company, bankrupt. Petition by the Inventions Corporation, to revise an order of the District Court. Affirmed.

Hector M. Hitchings, of New York City, for petitioner.

Arthur Leonard Rosenberg, of New York City, for appellee.

Before WARD and ROGERS, Circuit Judges, and MAYER, District Judge.

MAYER, District Judge. This is a petition to revise an order of the District Court for the Southern District of New York, dismissing the petition of the Inventions Corporation, to review the order of the referee in bankruptcy, directing the trustee in bankruptcy to sell certain property claimed by him to belong to the bankrupt estate.

The estate did not have any liquid assets, and all the property to which the trustee claimed any right, title, or interest was the subject-matter of the litigation between the Inventions Corporation and Hobbs et al., defendants, 244 Fed. 430, —— C. C. A. ——, decided herewith.

At a final meeting of creditors duly called by the referee, the trustee asked for leave to sell all his right, title, and interest in the estate of the bankrupt, which request had been duly set forth in the notice to creditors. The trustee was without funds, and was made a party defendant in the suit above referred to. The attorney for the Inventions Corporation, plaintiff in the equity suit, objected to the granting by the referee of permission to sell the trustee's right, title, and interest.

The proceedings were in all respects regular, and on the situation as it was developed before the referee he decided that it was to the interest of the estate to order the sale asked for. The trustee did not purport to sell anything, but his right, title, and interest. No rights were affected or impaired.

It was the lookout of the purchaser as to what he was buying, and he has not complained.

We are unable to find that any error was committed by the referee or the District Court, and the order of the District Court dismissing the petition is affirmed, with costs.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes