In re NORTH STAR ICE & COAL CO.

Petition of GRIFFIN ICE & COAL CO.

(District Court, E. D. Tennessee, N. D.    May 13, 1918.)

No. 1949.

1. BANKRUPTCY ⬤⟿123—SECURED CLAIMS—PROOF.

Where a secured creditor made a purely formal proof of claim, and did not allege any insufficiency in the security, or take any of the steps provided for by Bankruptcy Act July 1, 1898, § 57e (Comp. St. 1916, § 9641), it was not entitled to have its secured claim allowed in any amount, in order that it might participate in the creditors' meetings.

2. BANKRUPTCY ⬤⟿327(2)—TRUSTEE—RIGHTS.

Under Bankruptcy Act July 1, 1898, §§ 67, 70 (Comp. St. 1916, §§ 9651, 9654), the trustee takes only the bankrupt's equity in the property, subject to valid liens, and the lienholder, unless restrained, may enforce the lien without regard to the bankruptcy court.

3. BANKRUPTCY ⬤⟿214—COURTS—RIGHTS.

A bankruptcy court may, in the interest of general creditors, regulate the method of enforcing liens, in order to realize as much as possible from the bankrupt's equity.

4. BANKRUPTCY ⬤⟿258—COURTS—AUTHORITY.

Where property comes into the possession of the bankruptcy court, it may sell the same free from liens, and award the lienholder a preferential payment, representing the proceeds of his lien; but such practice is of doubtful propriety, where the right to a lien is disputed.

5. BANKRUPTCY ⬤⟿258—PROCEEDINGS—AUTHORITY OF COURT.

The bankruptcy court may in its discretion sell merely the bankrupt's equity in the property, and leave the lienholder to enforce his lien by appropriate proceedings.

6. BANKRUPTCY ⬤⟿327(2)—CREDITORS—SECURED CREDITORS.

A secured creditor is not even required to file a formal proof of claim, though, where the trustee has taken possession of the property and sold it, he may file a petition to obtain the proceeds of the lien in the hands of the trustee.

7. BANKRUPTCY ⬤⟿345—DEBTS—PRIORITY.

Bankruptcy Act July 1, 1898, § 64b (5) (Comp. St. 1916, § 9648), directing payment of debts having priority, does not relate to claims secured by specific liens on property protected by section 67 (section 9651).

8. BANKRUPTCY ⬤⟿150—TAKING POSSESSION OF INCUMBERED PROPERTY.

Bankruptcy court is not required to administer property burdened with liens, and should do so only when it is for the interest of the general estate.

9. BANKRUPTCY ⬤⟿258—CLAIMS—OPPOSITION TO SALE.

A secured creditor, who filed a formal proof of claim, showing that it had mortgages on certain property, *held* not entitled to object to the referee's order directing the trustee to sell the same subject to liens, notwithstanding such creditor later filed an unsecured claim for a small amount, and the trustee questioned the validity of the mortgage.

In Bankruptcy. In the matter of the North Star Ice & Coal Company, bankrupt. On petition of the Griffin Ice & Coal Company to review an order of the referee directing the sale of the bankrupt's property subject to an incumbrance. Petition denied.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Webb, Baker & McDermott, of Knoxville, Tenn., for Griffin Ice & Coal Co.

L. C. Ely, of Knoxville, Tenn., for trustee in bankruptcy.

Johnson & Cox, of Knoxville, Tenn., for S. L. Lewis, petitioner for review of referee's order.

SANFORD, District Judge. [1] After the appointment of the trustee in this cause, he intervened in a proceeding pending in the Chancery Court of Knox County, in which the affairs of the bankrupt were being wound up, and by order of that court obtained possession of all the bankrupt's property except certain property, known as the North Side plant, which he elected not to take over. He subsequently filed a petition in this cause asking authority to sell another plant, known as the North Star plant, which had been taken into possession by him, subject to valid incumbrances or in such other manner as the court might direct. At the creditors' meeting at which this petition of the trustee came up for consideration, the petitioner, the Griffin Ice & Coal Company, filed a proof of claim, substantially in accordance with Official Form No. 32 for the proof of a secured debt. This proof of claim was based on notes of the bankrupt for $36,000 alleged to have been given as part of the purchase price for the North Side plant, which had been sold by the petitioner to the bankrupt and was still in possession of the Chancery Court, and secured both by a vendor's lien on the North Side plant and by a mortgage on the North Star plant, given in further security of $20,000 of this same purchase money debt. This proof of claim was entirely formal and contained no prayer for the enforcement of the petitioner's security by the bankruptcy court, either as to the mortgage or otherwise; nor was any separate pleading filed by it asking for enforcement of its mortgage security. The petitioner furthermore did not allege any insufficiency in its security, or take any steps as provided by section 57e of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 560 (Comp. St. 1916, § 9641), to have the value of its security determined in order that its claim might be allowed for any excess of its claim over the value of its securities. It was therefore, in this situation, not entitled, under the provisions of this clause, to have its secured claim allowed in any amount in order that it might participate in the creditors' meetings. Re Eagles (D. C.) 99 Fed. 695, 697. At this meeting the attorney for the petitioner, stating that he also represented certain unsecured creditors who had not filed proofs of claim, opposed the petition of the trustee for a sale of the property covered by the petitioner's mortgage, and insisted that it should not be disposed of until the status of the petitioner's secured claim had been ascertained and determined by the court, and opposed the sale of the property subject to incumbrances until this was done. He also asked an opportunity to show by evidence that the allegation of the trustee's petition concerning the necessity and expediency of the proposed sale, were incorrect; which application was denied. Thereupon, with the consent of all unsecured creditors whose claims had been filed and allowed in the cause, the referee entered the order which the petitioner now seeks to review, adjudging that the petitioner being an alleged

secured creditor, so far as the record showed, was not interested in the manner or method of the sale of the property if the sale was to be made subject to all valid liens or incumbrances, that only the unsecured creditors had the right to be heard on the trustee's petition, and that they requested that the sale should be made as recommended; and thereupon ordered the trustee to advertise the property and sell the same to the highest bidder subject to all valid and subsisting liens and incumbrances of every kind and character which might exist in favor of the petitioner or other parties, and subject to confirmation by the court. Some days after the entry of this order, the petitioner also filed its proof of an unsecured claim for $60.53.

[2-5] Under section 70 of the Bankruptcy Act (Comp. St. 1916, § 9654), the trustee is vested only with the bankrupt's title to property. Hence where the bankrupt's property is subject to a mortgage or other incumbrances, the trustee takes only the bankrupt's equity therein, subject to such incumbrances; and since, under section 67 of the Act (section 9651), the validity of the pre-existing liens is not affected, the lien holder, unless restrained by the order of the bankruptcy court, may enforce the same dehors the court. Ward v. Bank of Ironton (6th Circ.) 202 Fed. 609, 612, 120 C. C. A. 655; Re Goldsmith (D. C.) 118 Fed. 763, 767; Coll. Bank'cy (11th Ed.) 1050, 1051. Nevertheless the bankruptcy court may in the interest of general creditors regulate the method of enforcing such lien in order to realize as much as possible from the bankrupt's equity. Re Jersey Island Packing Co. (9th Circ.) 138 Fed. 625, 71 C. C. A. 75, 2 L. R. A. (N. S.) 560; Cohen v. Nixon (D. C.) 236 Fed. 407, 411. If the property comes into the possession of the bankruptcy court it may sell the property free from the lien and award the lien holder a preferential payment representing the proceeds of his lien. Re Oconee Milling Co. (5th Circ.) 109 Fed. 866, 48 C. C. A. 703; Re Loveland (1st Circ.) 155 Fed. 838, 839, 84 C. C. A. 72; Re Keet (D. C.) 128 Fed. 651; Re Cutler (D. C.) 228 Fed. 771, 773. This practice is, however, of doubtful propriety where the right to a lien is disputed and its determination would involve a controversy productive of delay in the bankruptcy proceedings. Re Muhlhauser (6th Circ.) 121 Fed. 669, 673, 57 C. C. A. 423. Or the bankruptcy court may, in its discretion, sell merely the bankrupt's equity in the property, that is, sell the property subject to the incumbrance and leave the lienor to enforce his lien upon the property by appropriate proceedings. Re Gerry (D. C.) 112 Fed. 958; Re Cutler (D. C.) 228 Fed. at page 773; Lovel. Bank'cy (2d Ed.) 1093. In thus selling the property subject to lien "the trustee acts only in the interest of general creditors." 2 Lovel. Bank'cy, supra, at page 1094.

[6-9] There is no provision in the Bankruptcy Act, however, which gives the lien claimant the right to enforce his lien in the bankruptcy cause itself. He is not even required to file a formal proof of claim; though where the trustee has taken possession of the property and sold it, he may file a petition to obtain the proceeds of the lien in the hands of the trustee. Ward v. Bank of Ironton (6th Circ.) 202 Fed. supra, page 612, 120 C. C. A. 655. Section 64b (5) of the Act (Comp. St. 1916, § 9648) directing the payment of debts having priority does not re-

late to claims secured by specific liens on the property protected by section 67 of the Act. Rè Cramond (D. C.) 145 Fed. 966, 978; Re Yoke Brick Co. (D. C.) 180 Fed. 235, 242; 2 Rem. Bank'cy (2d Ed.) § 2188, p. 2079; Coll. Bank'cy (11th Ed.) 1013. The bankruptcy court is not required to administer property burdened with liens, and should only do so when this is for the interest of the general estate. Re Zehner (D. C.) 193 Fed. 787, 789. A court of bankruptcy is not a court for the administration of assets in which the bankrupt's estate is not interested, and should not administer property charged with liens except in the interest of general creditors. Re Harralson (8th Circ.) 179 Fed. 490, 492, 103 C. C. A. 70, 29 L. R. A. (N. S.) 737; Re Cutler (D. C.) 228 Fed. supra, at page 794. The interest of general creditors should control as to the mode of sale. Re Keet (D. C.) 128 Fed. at page 652. The court, and not the lienors, is to decide as to the mode of sale. Re Howard (D. C.) 207 Fed. 402, 417.

On the whole, I conclude that as the petitioner had merely filed a proof of a secured debt, without alleging any insufficiency of security or taken any step necessary to the allowance of its claim for the purpose of participating in the creditors' meetings, and as it had furthermore filed no ancillary bill or other pleading asking the enforcement of its mortgage through the bankruptcy court (even if this were permissible, a matter not decided) it had no standing in the bankruptcy court for the purpose of resisting the sale of the property subject to its mortgage, and cannot be deemed to have been prejudiced in any way thereby.

It is true that at the meeting at which this sale was ordered the attorney for the trustee gave notice that he would object to the allowance of the petitioner's claim at all, either as a secured or unsecured creditor. No formal objections to the claim were filed, however. It is now suggested in the petitioner's brief that there may be a serious question as to the validity of its mortgage, and that if the property is sold subject to this mortgage, not knowing what the final result may be in litigation with the purchaser as to the validity of the mortgage or whether there will be any deficiency in its security, it will not be in a position to protect itself at the bidding as an unsecured creditor for any deficiency in its security. There is, however, no pleading raising any such issue. Furthermore it occupied in the court the position of asserting by its proof of claim that it had a valid mortgage on this property, given as additional security to the vendor's lien retained upon other property, with no suggestion upon its part at that time that its security might be invalid or finally found to be insufficient. I am of opinion that under this proof of claim as a secured creditor, asserting the validity of the mortgage and not asserting the insufficiency of the security, it had, as stated, no status for the purpose of resisting a sale subject to the mortgage, the validity of which it itself asserted; and that if it desired to participate in the proceedings and to be heard upon the question of the validity or the sufficiency of its security, it should have taken the proper steps provided by the Act to have the value of its security ascertained in order that it might be heard as an unsecured creditor to the extent of any probable deficiency. It did,

however, none of these things, but relied at the time solely upon its position as a secured creditor, asserting a valid lien upon the property. Presumably it is in possession of all facts enabling it to determine the validity or invalidity of its mortgage and also in full possession of the facts as to the value of the security, and should be in a position to bid with more definite knowledge than is possessed by general creditors on the equity of the property which was ordered to be sold. Clearly the small unsecured claim for which it filed proof of claim, after the making of the order in question, gives it no greater rights than it had at the time the order was made.

Furthermore while there appears to be no direct authority upon the specific question involved, the opinion in Re Burr Mfg. Co. (2d Circ.) 217 Fed. 16, 19, 133 C. C. A. 126, is strongly persuasive, if not controlling, of this question. There mortgagees claiming mortgage liens upon the bankrupt's property, sought to revise an order of the District Court confirming a sale of the bankrupt's property, which had been made subject to the liens upon the property. The court said that the fact that mortgagees had not received notice of the sale was not important, as they were not in a position to attack the sale; that only such persons could apply to have a judicial sale vacated as were interested and injuriously affected by the sale; and that the mortgagees were "without interest, because the order confirming the sale was upon the condition that the purchaser * * * should 'accept title to such, if any, liens as may be on the property.'" And later in Re Vanoscope Co. (2d Circ.) 244 Fed. 445, 157 C. C. A. 71, it was held that an adverse claimant of property claimed by the trustee in bankruptcy had no standing to object to an order directing the trustee to sell the bankrupt's "right, title and interest" in the property. The court said, in language having a direct bearing upon the present question:

"The proceedings were in all respects regular, and on the situation as it was developed before the referee he decided that it was to the interest of the estate to order the sale asked for. The trustee did not purport to sell anything but his right, title and interest. No rights were affected or impaired. It was the lookout of the purchaser as to what he was buying, and he has not complained."

So in the instant case the referee found, as stated in his certificate, that it was advantageous to the unsecured creditors to sell the plant and property of the bankrupt as a whole as soon as possible, subject to all valid incumbrances, secured creditors being left to their remedies against the property. The trustee was not directed to sell anything except the bankrupt's interest. No rights of the mortgagee were affected or impaired, and as it stood solely in the position of a secured creditor asserting a valid lien upon the property, the sufficiency of which it did not question, I am of opinion that it has no standing to revise the order of the referee, which will accordingly be confirmed.