## In re MOODY.

### No. 21449.

District Court, W. D. Pennsylvania.

April 4, 1945.

Nash & Mutzabaugh, of Bradford, Pa., for trustee.

Albert W. Johnson, of Smethport, Pa., for bankrupt.

Gallup, Potter & Gallup, of Bradford, Pa., for H. Hamlin Burdick.

SCHOONMAKER, District Judge.

In due course of proceedings in this court, bankrupt's real estate was sold free and discharged of liens. Among the liens discharged by this sale was the mortgage of H. Hamlin Burdick in the principal sum of $10,000. The Referee in Bankruptcy, on February 3, 1945, allowed this mortgage as a preferred claim on the fund realized from the sale, with interest thereon from December 7, 1942, to September 7, 1944, the date of the confirmation of sale. Burdick claims that this was error, and that he was entitled to interest to February 3, 1945, the date of order of distribution.

In our opinion, the mortgagee is entitled to interest to the date of the order of distribution. This court so held In Re Torchia, D.C., 185 F. 576, 584. See also In Re Allert, D.C., 173 F. 691; In Re Hershberger, D.C., 208 F. 94; In Re Alpine Petroleum Corporation, D.C., 41 F.Supp. 682.

We do not believe the case of Coder v. Arts, 213 U.S. 223, 245, 29 S.Ct. 436, 445, 53 L.Ed. 772, 16 Ann.Cas. 1008, cited by the referee, is to the contrary. Mr. Justice Day, delivering the opinion of the court, merely said: "Nor do we think the circuit court of appeals erred in holding that, inasmuch as the estate was ample for that purpose, Arts was entitled to interest on his mortgage debt."

The Circuit Court of Appeals in its opinion on this point (8 Cir., 152 F. 943, 950, 15 L.R.A.,N.S., 372) merely said: "But the proceeds of these mortgaged lands appear to be ample to pay the principal and interest of the debt to the mortgagee Arts, and where a trustee sells mortgaged property of the bankrupt's estate free of the mortgage, and the proceeds of the sale are sufficient for that purpose, the mortgagee is entitled to payment of the interest upon his mortgage debt as well as the principal, out of the proceeds in accordance with the terms of the note and mortgage."

We will therefore reverse the distribution order of the referee, so far as it allows interest on the mortgage claim of Burdick only up to September 7, 1944, and direct that he be allowed interest up to February 3, 1945, the date of the distribution order. An order may be submitted accordingly by Burdick's counsel on notice to counsel for the trustee.