UNION ELECTRIC CO. et al. v. HUBBARD et al.

In re MOUND CITY COAL CO.

(Circuit Court of Appeals, Fourth Circuit. May 17, 1917.)

No. 1494.

1. BANKRUPTCY ☞211—LIENS—CONFLICTING JURISDICTION.

Where, after the appointment of a receiver for a corporation by a state court, it was adjudicated a bankrupt, and it appeared that its assets exceeded its admitted lien debts by $64,000, and whether a further claim of $80,000 was entitled to rank as a lien debt was a very serious question, the bankruptcy court erred in granting the application of lien creditors that the property be returned to the receiver for administration in the state court, since, when it is manifest that there can be no fund to be administered for unsecured creditors, lien creditors should be permitted to realize on their securities in their own way, but this should not be done when there is any surplus, or any reasonable ground for inferring that there may be a surplus or equity, that will inure to the benefit of general creditors, or where there is any division of agreement among the lien creditors as to the method or tribunal of administration.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323.]

2. BANKRUPTCY ☞211—LIENS—CONFLICTING JURISDICTION.

In directing the trustee to turn over the property to the receiver, it was also error to direct the trustee to seek to intervene in the state court and have the validity of liens determined, and to provide that he be afforded full opportunity to contest such liens, and to reserve the right to take exclusive jurisdiction and administer the estate, if the state court should deny the trustee the right to intervene, or the relief which he was directed to seek, as the action of judicial tribunals of competent jurisdiction cannot be so indicated or required in advance, and, if the property should properly be turned over to the state court, it should be turned over without reservation or condition as to the after judicial action of that court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323.]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Northern District of West Virginia, at Wheeling, in Bankruptcy; Alston G. Dayton, Judge.

---

In the matter of the Mound City Coal Company, bankrupt. On petition by the Union Electric Company and others to superintend and revise an order granting a petition of Nelson C. Hubbard and others. Reversed and remanded.

Joseph R. Curl, of Wheeling, W. Va. (William Erskine and John C. Palmer, Jr., both of Wheeling, W. Va., on the brief), for petitioners.

George A. Blackford, of Wheeling, W. Va., for certain respondents.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge. The Mound Coal Company, J. C. McKinley, and Nelson C. Hubbard filed a bill of complaint in the circuit court for Marshall county, in the state of West Virginia, against the Mound City Coal Company and others, under which, on the 12th of October, 1915, the Dollar Savings & Trust Company, one of the defendants to the bill, was appointed by the state court receiver of all the property of the Mound City Coal Company. On the 10th of February, 1916, a petition for involuntary bankruptcy was filed against the Mound City Coal Company in the District Court of the United States for the Northern District of West Virginia, and on the 2d of March, 1916, that company was adjudicated bankrupt, and thereafter the Security Trust Company, a West Virginia corporation, was appointed trustee in bankruptcy. Thereupon the Dollar Savings & Trust Company, the receiver in the proceedings in the state court, voluntarily turned over all the real and personal property of the bankrupt to the trustee in bankruptcy and the trustee took possession of the same. All the creditors of the bankrupt proved their claims before the referee in bankruptcy. The appraisers appointed by the referee appraised the assets of the bankrupt estate at about $204,000. The claims secured by lien were found to amount to about $140,000, and the unsecured claims to about $75,000.

Thereafter the receiver in the state court, the Dollar Savings & Trust Company, and the complainants in the state court proceedings, viz., Mound Coal Company, Nelson C. Hubbard, and J. C. McKinley, filed a petition before the referee in bankruptcy, praying that all the property of the bankrupt be returned by the bankrupt court to the receiver in the state court, to be dealt with by the state court, viz., the circuit court of Marshall county. This petition was refused by the referee in bankruptcy, and the petitioners thereupon filed a petition praying the District Court to review and reverse the order of the referee.

On the 11th of December, 1916, the District Judge filed his order reversing the order of the referee, and remanded the proceeding to the referee, with instructions to enter an order directing the trustee in bankruptcy to surrender up and deliver to the receiver in the state court all the property of the bankrupt, and further directing the trustee to seek by petition to intervene in the state court and ask that court to modify its decree, so as to provide that, before any sale of the property or any distribution of the proceeds of such sale be made, the validity of the liens thereon and the order of priority, may be determined, and to provide that the trustee in bankruptcy be afforded full opportunity to

contest the validity or extent of any and all such liens, and to direct that any surplus funds arising from the sale or operation of the property, after payment of all proper costs, charges, and expenses of the suit and the receivership, should be paid over to the trustee in bankruptcy. The decree of the District Judge further provided that the District Court of the United States reserved and retained the right to take exclusive jurisdiction of the bankrupt estate and administer it, and to stay the proceedings in the state court, if that court should deny to the trustee the right to intervene, or deny to the trustee the relief which the trustee was by the decree directed to seek in the state court.

[1] The present petition before this court is to review and revise the action of the District Court, and to reverse its order of the 11th of December, 1916. From the facts set out in the record it appears that the assets of the bankrupt estate exceeded its admitted lien debts by some $64,000. There is a claim of some $80,000 (additional to the sum of $140,000 allowed by the referee) to have a lien on the assets, but this claim was disallowed by the referee. In any event, it appears a very serious question whether this $80,000 be entitled to rank as a lien debt or a debt at all. If its lien be finally disallowed, then there should be a fund of some $60,000 to be administered for the benefit of the unsecured creditors. Such being the case, it would seem that the bankrupt estate should be administered by the bankrupt court. Where the admitted and uncontested liens on any part or portion of the bankrupt estate clearly exceed the value of that property, so as that it is manifest that under no circumstances there can be any fund therefrom to be administered for the unsecured creditors, the courts of bankruptcy have exercised the discretion of permitting the lien creditors to realize on their securities in their own way, either by permitting proceedings already commenced in state courts for that purpose to proceed or by permitting the lien creditors to exercise any powers of sale they may have, or to initiate proceedings in any court of competent jurisdiction they prefer, to realize on their security. This has been done upon the theory that, inasmuch as in such cases the property really belongs to the lien creditors, the bankrupt court is not required to burden it with the expense of an administration in bankruptcy, if the lien creditors prefer another method or tribunal for the administration.

There is no reason why the property of a lien creditor should be unduly burdened with the cost of an administration solely for the benefit of the general creditors, nor will the bankrupt court ordinarily impose that burden on a lien creditor at the instance of a general creditor, where it is manifest that the particular property is worth less than the liens thereon, or that there are no assets in excess of the liens. Where, however, there is any surplus, or any reasonable ground for inferring there may be a surplus or equity in the property, that would inure to the benefit of the general creditors, or there is any division of agreement among the lien creditors entitled as to the method or tribunal of administration, it is usually the course of the bankrupt court, in pursuance of its exclusive jurisdiction, to take charge of the liquidation and administration of the assets, because it is impossible under such circumstances for the estate to be properly administered in more than one

tribunal. If the bankrupt court were to await the action of the state tribunals in ascertaining surplus assets and determining questions concerning the existence and rank of liens, the administration of the estate in the bankrupt court might lie in abeyance for an indefinite period—perhaps for years—before the trustee in bankruptcy would receive from those courts the assets he should administer.

This would be to subvert the spirit and purpose of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 544), which contemplates and requires a speedy and uniform liquidation and administration. It is thus the duty of the bankrupt court, charged with the administration of the estate, to take charge of all the assets under such circumstances, and determine all questions relating to them, and it is likewise the duty of all other tribunals of otherwise concurrent jurisdiction to surrender possession to the proper court for that purpose.

[2] The learned judge who made the order in the court below was therefore in error under the circumstances of this case in directing the trustee in bankruptcy to turn over the bankrupt estate to the receiver in the state court. He was also in error in directing the trustee to turn it over loaded with the conditions that, if that tribunal denied the relief the trustee was directed to ask, then the United States court of bankruptcy reserved the right to take back the possession of the property. The action of judicial tribunals of competent jurisdiction cannot be indicated or required in advance. If the property in question should properly be turned over to the state court, it should be turned over without reservation or condition as to the after judicial action of that court.

The decree of the District Court of the 11th of December, 1917, is accordingly reversed, and the cause is remanded to that court, to retain the possession of all the assets directed in that decree to be surrendered, and to proceed with the administration of the bankrupt estate in due course of law.

Reversed.