## GANTT v. JONES et al.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1921.)

No. 1832.

1. **Bankruptcy ⊂⇒262(3)—Court has implied power to order sale of property free from liens.**

The power of a bankruptcy court to order a sale of the bankrupt's property free from liens is not expressly conferred, but is necessarily implied, as such sale is often necessary to the due execution of the power and duty to reduce the assets to money and distribute it to creditors.

2. **Bankruptcy ⊂⇒268—Sale of mortgaged property free from liens gives good title as against wife, renouncing dower.**

A sale of a bankrupt's mortgaged property free from liens under an order of the bankruptcy court gives the purchaser the same title as if the sale were made in any other court of equity to foreclose the mortgage or marshal the assets of an insolvent, and his title is good against the privies of the mortgagor and mortgagees, including the wife of the mortgagor, who has renounced her dower.

3. **Bankruptcy ⊂⇒267—Proceeds of sale free from lien to be distributed as if mortgage foreclosed.**

On a sale of mortgaged property of a bankrupt free from liens, the proceeds come into the hands of the bankrupt court for distribution, and the same incidents attach to the surplus as if the mortgage had been formally foreclosed.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Dower** ⬸49(2)—**Wife, renouncing, has no right in land or surplus on sale.**
   Under the law of South Carolina, a wife, renouncing dower on a mortgage executed by the husband, has no right of dower, either in the land or in the surplus proceeds of a sale made to satisfy the mortgage.

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of South Carolina, at Charleston, in Bankruptcy; Henry A. Middleton Smith, Judge.

Proceeding by J. C. Miller, as trustee in bankruptcy of C. A. Baker and W. A. Gantt, individually and as copartners doing business as the People's Drug Company, for the sale of land. On a petition by the purchaser, an order was made adverse to Alice Gantt, wife of one of the bankrupts, and she brings a petition against the trustee and Iredell Jones and others to superintend and revise. Affirmed.

E. D. Blakeney, of Camden, S. C., for petitioner.

John D. Lee, of Sumter, S. C., and Thomas J. Kirkland, of Camden, S. C., for respondents.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WOODS, Circuit Judge. In October, 1919, C. A. Baker and W. A. Gantt were adjudged bankrupts, as copartners and individuals. Gantt owned a tract of 371 acres of land, known as "Scyamore Farm," on which were several outstanding mortgages executed by him. On each of these mortgages his wife, Alice Gantt, had renounced her dower.

Under a petition filed by the trustee, with due notice to the mortgagees, the court ordered the land sold free of the liens of the mortgages. The petitioner, Alice Gantt, wife of the mortgagor, gave notice at the sale of her claim of dower. Under a petition filed by the purchaser, to which Alice Gantt was made a party, the questions were made, first, whether the purchaser took a good title at the sale free from the claim of dower; and, second, whether Mrs. Gantt was entitled to an allotment of dower in the surplus proceeds of the sale.

[1] The power to sell a bankrupt's property free from liens is not expressly conferred by the statute. But such a sale is often necessary to the due execution of the power and duty to reduce the assets to money and distribute it to creditors. This necessarily implied power of the court of bankruptcy as a court of equity has been asserted in numerous cases. 7 C. J. 231, § 359, note.

[2-4] At such sale the purchaser takes the same title as if the sale were made in any other court of equity to foreclose the mortgages or to marshal the assets of an insolvent, with all lienholders and other parties in interest before the court. This title is good against the mortgagor, the mortgagees, and all their privies, including the wife of the mortgagor, who has renounced her dower. So, also, the proceeds of sale come into the hands of the bankrupt court for distribution among creditors precisely as if the mortgage had been formally foreclosed. The same incidents attach to the surplus over the lien debts. It is a

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rule of property in South Carolina that, when a wife renounces her dower on a mortgage executed by her husband and the land is sold to satisfy the mortgage, she has no right of dower, either in the land or in the surplus proceeds of sale. Grube v. Lilienthal, 51 S. C. 442, 451, 29 S. E. 230.

Affirmed.