## In re AMERICAN MAGNESTONE CO.

District Court, S. D. Illinois, S. D.   July 20, 1929.

No. 5041.

W. L. Patton, of Springfield, Ill., for petitioner for review.

Sidney S. Breese, of Springfield, Ill., for trustee in bankruptcy.

FITZHENRY, District Judge. This cause comes on to be heard upon a certificate for review of an order entered by the referee granting the prayer of a petition of the trustee in bankruptcy to sell real estate of the bankrupt, free and clear of liens, and the cross-petition and answer of respondent. The answering respondents are Wedron Silica Company and J. H. Sprague.

The bankrupt owned twelve lots in blocks 11, 2, and 13 in what is known as States addition to the town, now city, of Ottawa, La Salle county, Ill. The Wedron Silica Company was the owner and holder of indebtedness against the bankrupt, secured by a trust deed upon the above-described property, in the sum of $24,500, which sum, together with interest from May 24, 1928, is still due and unpaid. L. H. Sprague was the owner and holder of notes executed by the bankrupt in the principal sum of $31,500, which was also secured by a trust deed conveying the same premises, and upon which on May 24, 1928, there was due and owing a sum in excess of $31,500, which sum together with the subsequent accruing interest is still due and unpaid.

The trust deed of the Wedron Silica Company is a valid first lien, while the one given to secure the indebtedness due L. H. Sprague is a valid second lien; the valid outstanding indebtedness being considerably more than $56,000.

Respondents answered the trustee's petition to sell and jointly prayed that they be permitted to foreclose their trust deeds in the state court. The referee granted the prayer of the petition of the trustee and denied the prayer of the cross-petition of the Wedron Silica Company and L. H. Sprague. The appraisers had in regular course appraised the mortgaged property at $45,000. The only evidence submitted was the testimony of witnesses who gave it as their opinion that the property would not sell for the total amount due on the mortgages.

The Bankruptcy Act § 67d, 11 USCA § 107(d), protects all valid liens by the following provision: "Liens given or accepted in good faith and not in contemplation of or in fraud upon this Act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this Act."

The value of the property fixed by the appraisers was more than $10,000 less than the mortgage liens against it. A lien or other

incumbrance on real property belonging to the bankrupt attaches to such property in the hands of the trustee, and is effectual against such property to the same extent as though bankruptcy had not intervened, and will attach to such fixtures as from their nature and the circumstances of the case become a part of the freehold. Collier on Bankruptcy (13th Ed.) 1648, 1649.

■■ The same author says (1649): "Where the particular property is fully covered by liens the trustee should not administer it, although he may do so *with the consent of the lienholders*"—citing In re Hosmer (D. C.) 233 F. 318; In re Rauch (D. C.) 226 F. 982; Trabue v. Ash (Tex. Civ. App.) 200 S. W. 415, 41 Am. Bankr. Rep. 122.

The general rule applicable to a case like the one at bar is stated in 7 C. J. 231, § 359:

"The general rule is that the property of the bankrupt subject to mortgage liens may be sold free from liens without any determination as to their validity or their amount if there is reasonable ground to believe that more can be realized than the amount of the incumbrance, in such case the proceeds of the sale are held subject to the liens.

"The court must be satisfied that such sale will advance the interests of the creditors and not injure the lienholder and if the liens equal the value of the property or are greater than the value of the property the trustee should not be permitted to make the sale."

To the latter paragraph of the text might well be added "except upon the request or with the consent of the lienholders."

■ Where a trustee files a petition to sell mortgaged real estate free from liens and issue is joined, the burden is upon him to make it appear that there is reasonable probability that the property will bring more than the amount of the lien.

In re Hagin (D. C.) 21 F.(2d) 434, 438, the court well said: "It is the duty of the referee and the trustee and the creditors in meeting to determine whether the mortgaged or otherwise incumbered property of the bankrupt is of sufficient value to satisfy the known, valid, secured claims, and provide a surplus or equity in which they may share, or whether it is without value to the estate for the benefit of the general creditors, and is therefore an onerous or burdensome asset. * * *"

■ In the first case the trustee should proceed to liquidation by sale of the property. In the second, the referee should not permit the trustee to do so, but should order him to release and surrender possession and control, thus enabling the mortgage creditor to fore-

close or otherwise proceed legally in the proper court. Where the property is retained for administration for the benefit of the general creditors, the act makes all commissions payable out of the general estate. These rules are generally recognized. In re Foster (D. C.) 181 F. 707; In re Gimbel (C. C. A.) 294 F. 883; In re United Realty & Homebuilders' Corporation (D. C.) 27 F. (2d) 138; In re Roger Brown & Co. (C. C. A.) 196 F. 758; In re Franklin Brewing Co. (C. C. A.) 249 F. 333; In re National Grain Corporation (C. C. A.) 9 F.(2d) 802; Virginia Securities Corporation v. Patrick Orchards (C. C. A.) 20 F.(2d) 78.

Applying the foregoing rules to the instant case, it at once becomes apparent that it was error to grant the prayer of the petition of the trustee to sell the real estate here involved free and clear of incumbrances, without the request or consent of the mortgage lienholders, and it was also error not to grant the prayer of the lien creditors' cross-petition to pursue their remedies in such courts as to them may seem best.