### In re KING.
### No. 1524.

District Court, N. D. West Virginia.
March 26, 1930.

See, also, 46 F.(2d) 115.

I. P. Whitehead, of Baltimore, Md., for Federal Land Bank.

Linn Mapel Brannon, Trustee, of Weston, W. Va., in pro. per.

BAKER, District Judge.

Cyrus C. King filed his petition in bankruptcy on the 7th day of December, 1927. Pursuant thereto he was adjudged a bankrupt on the 8th day of December, 1927. The case was regularly referred to Ray L. Strother, one of the referees in bankruptcy of this district for administration.

Notices were regularly sent out by said referee of the first meeting of creditors to be held on the 28th day of December, 1927. Pursuant to said notice, the Federal Land Bank filed its proof of claim before said referee on December 15, 1927.

In accordance with the notices for first meeting of creditors, the meeting was regularly held on December 28, 1927, for the purpose of examining the bankrupt and electing a trustee.

Linn Mapel Brannon, of Weston, was regularly elected trustee of said bankrupt estate on said 28th day of December, 1927, and in pursuance thereto qualified and proceeded to

administer the estate in the usual course of procedure as provided by the federal Bankruptcy Act (11 USCA).

Although the Federal Land Bank of Baltimore had ten days' notice of a meeting of creditors on the petition of the trustee to sell all the property of the bankrupt free and acquit from liens, it did not appear by counsel or otherwise on the day set and object to the entry of the order directing the trustee to make sale of the property free and acquit from all liens.

Order was regularly entered directing the sale free and acquit from liens, and on the 19th day of April, 1928, Linn Mapel Brannon, trustee, filed with Referee Strother a report of sale disclosing that he had sold certain real estate of the bankrupt; that, among other tracts sold, there was one containing approximately 110 acres situate on Canoe run in Lewis county, W. Va., which had been sold for the price of $1,000, and which amount was paid to said trustee cash in hand on day of sale; this being the tract of land upon which Federal Land Bank had a deed of trust lien of approximately $1,282.40, as shown by the proof of claim and petition of Federal Land Bank filed herein.

The said Federal Land Bank of Baltimore, desiring to object to the confirmation of sale of said 110-acre tract of land, requested that it be permitted to appear before the referee and be heard on its said objection. Pursuant to said request, the referee set a date for hearing thereon and sent out notices to the creditors of the bankrupt setting May 4, 1928, at 3 o'clock p. m., at the office of Linn Mapel Brannon, in the Edwards building in the city of Weston, for the following purposes:

(1) "To hear the report of sale of property belonging to said bankrupt estate, made by Linn Mapel Brannon, as well as for all creditors who might desire to appear and show cause, if any they have, why said sale should not be confirmed."

(2) "To consider any and all business that may properly come before the meeting."

In accordance with said notice, a hearing was had at the time and place mentioned upon the objection by the Federal Land Bank of Baltimore to the confirmation of sale of said 110 acres of land. Said Federal Land Bank of Baltimore by counsel did not file any written objection to said confirmation, but orally assigned objections to confirmation of sale, which in effect was that the bankruptcy court had no authority to make sale of said 110 acres of land free and acquit from liens, for the reason that said Federal Land Bank of Baltimore had a deed of trust or mortgage covering said property to secure the lien herein set out.

Counsel for said Federal Land Bank took the position that the bankruptcy court could not sell or dispose of real estate covered by its deed of trust or mortgage free and acquit of lien, but the same must be sold subject to its deed of trust or mortgage regardless of the apparent equity that there might be in the property for the benefit of common creditors.

By reference to schedule A—2, filed with the petition in bankruptcy herein, I find that the bankrupt scheduled, under "Creditors Holding Securities," Federal Land Bank of Baltimore, Md. Note originally executed by William E. Mullooly secured by deed of trust on land in Lewis county, which deed of trust is recorded in the proper office of Lewis county, W. Va., in Trust Deed Book No. 15, at page 122, which note was assumed by petitioner as part of the purchase price of the property conveyed in said deed of trust, being the 110 acres in question.

Under the heading of "Value of Securities," bankrupt valued this tract of land at $2,500. Under the "Amount of Debts" he set out this lien as $1,272.17.

By reference to schedule B—1, under heading "Statement of All Property of Bankrupt," I find as follows: "110 acres of land in Lewis County, West Virginia, being the same land conveyed to petitioner by Edward Brannon, special commissioner, by deed of record in Lewis County, in deed book 124 page 130, incumbered by deed of trust to Federal Land Bank of Baltimore in the amount of $1,272.17; estimated value, $2,500.00."

By reference to report of three appraisers duly appointed in this cause, filed January 27, 1928, I find as follows: "A tract of 110 acres of land on Canoe Run about three and three-fourths miles from Roanoke in Lewis County, West Virginia, value $2,530.00."

Hence it was apparent to the referee from the record that there was a substantial equity in this property for the benefit of the common creditors over and above the amount of the Federal Land Bank of Baltimore's secured claim.

It is well-settled that the bankruptcy court is warranted in authorizing and direct-

ing that property be sold free and acquit from lien where the record discloses that there is an apparent equity for the benefit of the common creditors.

The leading case in the Fourth circuit is Allebach et al. v. Thomas, 16 F.(2d) 853, 855. In this case Judge Waddill, in a most exhaustive and enlightening opinion, carrying out the theory that sale of bankrupt's property subject to deed of trust is entirely within the discretion of the bankruptcy court, says as follows: "This entire subject, however, is one solely within the discretion of the bankruptcy court, and it may adopt one of several courses in disposing of the property, best suited to the circumstances of the particular situation, and which it is believed will yield for those interested the best results."

The theory of petitioner, Federal Land Bank, for review is that it has been deprived by the action of the referee of some contractual right in respect to its debt and the security taken for the payment of the same. In this contention petitioners for review are in error. They have a misconception of the effect of the Bankruptcy Law (section 67d, 11 USCA § 107(d) which in plain terms provides that bankruptcy proceedings shall not affect the validity of the lien; but it nowhere says that this fact shall in any manner affect the remedy to enforce the lienor's rights. The remedy may be altered without impairing the obligation of the contract.

As said by Judge Waddill in Allebach v. Thomas, page 855 of 16 F.(2d), "This has been the almost universally accepted interpretation of the Bankruptcy Act since its passage, and it will only be necessary to review one or two of the leading and especially instructive decisions on the subject. An early case was In re Jersey Island Packing Company (C. C. A.) 138 F. 625, 2 L. R. A. (N. S.) 560, a decision of the Circuit Court of Appeals for the Ninth Circuit, in which the court, speaking through its presiding officer, Judge Gilbert, at page 627, said: 'The trustee in bankruptcy has the election to refuse to take possession of mortgaged property, if its value, over and above the incumbrance, is not sufficient to justify an attempt to administer it. It is true that the Bankruptcy Act provides that liens such as the lienholders had under the trust deeds in this case shall not be affected by bankruptcy, but that is far from saying that such lienholders may, after the commencement of proceedings in bankruptcy against the debtor, proceed to enforce their liens or contracts in the manner prescribed in the instruments which create them; and this is true whether such lien is an ordinary mortgage or a deed of trust with provision for a strict foreclosure by a notice and sale. The provision of the Bankruptcy Act that such a lien shall not be affected by the bankruptcy proceedings has reference only to the validity of the lienholder's contract. It does not have reference to his remedy to enforce his right. The remedy may be altered without impairing the obligation of his contract, so long as an equally efficient and adequate remedy is substituted. Every one who takes a mortgage, or deed of trust intended as a mortgage, takes it subject to the contingency that proceedings in bankruptcy against his mortgagor may deprive him of the specific remedy which is provided for in his contract.' "

Allebach v. Thomas, 16 F.(2d) 852, being by the Circuit Court of Appeals of the Fourth Circuit, in which the Northern district of West Virginia is situate, would be absolutely binding upon this court. However, I find this case was taken to the Supreme Court of the United States and certiorari denied therein. 274 U. S. 744, 47 S. Ct. 590, 71 L. Ed. 1325.

There are other cases sustaining this proposition of law. In re Jersey Island Packing Co. (9 C. C. A.) 138 F. 625, 2 L. R. A. (N. S.) 560; In re Hasie (D. C.) 206 F. 789; In re North Star Ice & Coal Co., 252 F. 301 —the latter decision rendered by Sanford, District Judge, now Mr. Justice Sanford of the Supreme Court, in which appears a very able discussion of this subject.

It is urged in petition for review that the deed of trust or mortgage in question was executed by William Edward Mullooly to said Federal Land Bank of Baltimore while Mullooly was the owner of said 110-acre tract of land, and that the bankrupt herein purchased this tract subject to deed of trust lien of Federal Land Bank of Baltimore, Md., and by virtue thereof the trustee of the bankrupt herein should not be authorized by the bankruptcy court to make sale of this property free and acquit from this claim of the Federal Land Bank of Baltimore.

This position is untenable. There is no doubt that Cyrus C. King purchased such interest in this land as was owned by Mullooly, his grantor, and the bankrupt, King, stepped into Mullooly's shoes, so to speak, with reference to this lien. This proposition is considered and decided in the case of In re E. A.

Kinsey Co. (In re American Architects Tube Company) 184 F. 694, 25 A. B. R. 651 (C. C. A.), the facts in which case correspond to facts in the case at bar.

The Federal Land Bank of Baltimore had ten days' notice of meeting of creditors on the petition for the sale of this property free and acquit from liens. However, it did not appear by counsel or otherwise on that day and object to the entry of the order directing the trustee to make sale of the 110 acres in question free and acquit from its deed of trust or mortgage, but satisfied itself by objecting to the confirmation of the sale after the trustee had gone to the expense of advertising, etc., preparatory to making the sale. The Federal Land Bank could have appeared upon the day of sale and bid the property up to its debt, thereby protecting itself; or it could have filed an upset bid upon the day set by notice for confirmation of the sale.

Under all the facts and circumstances in this case, I have determined that the order of the referee should be affirmed. Order may go accordingly.

### In re KING.

### No. 1524.

District Court, N. D. West Virginia.

Aug. 19, 1930.

See, also, 46 F.(2d) 112.