**FEDERAL LAND BANK OF BALTIMORE
v. KURTZ (two cases).**

**In re POST.**

**Nos. 3558, 3592.**

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

William Beasley, of Baltimore, Md. (I. P. Whitehead, of Baltimore, Md., on the brief), for appellant.

Before PARKER and SOPER, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PARKER, Circuit Judge.

On October 18, 1924, G. W. Post, of Lewis county, W. Va., with the joinder of his wife, executed a mortgage on a tract of land to secure a loan of $1,500 made to him by the Federal Land Bank of Baltimore. On February 26, 1930, he was adjudged bankrupt; and the land was listed in his schedules among his assets and the debt to the Land Bank among his liabilities. Shortly thereafter the Land Bank filed proof of secured debt showing that there was due it by the bankrupt a balance of $1,415.01 secured by the mortgage, but that it did not intend to prove same as a claim against the bankrupt estate. At the same time it filed a petition praying that its mortgage be not disturbed, and that, in the event the court should determine to sell the land, it sell only the bankrupt's equity of redemption subject to the mortgage.

Some time after this, the trustee in bankruptcy filed a petition, which the Land Bank resisted, asking that the land be sold free of liens; and the referee entered an order to that effect except that it provided that 'the sale be subject to the inchoate right of dower of Mrs. Post. The order recited that the land had been appraised at $2,100; but there was no other finding as to value and no finding of facts from which an inference would be justified that in the period of financial distress then prevailing the equity of redemption of Post had any real value or that the interest of the bankrupt estate would be in any way promoted by the sale. It was stated at the bar of this court by counsel for the Land Bank that the land would not bring at public sale the amount of the mortgage, and that for this reason the bank preferred not to foreclose at this time. Objection was made also to a sale which would not carry the wife's inchoate right of dower, which was embraced in the Land Bank's mortgage. The opinion filed by the referee indicated that the sale was ordered, not because it was thought to be in the interest of the bankrupt estate, but because of the belief that the court was powerless to do otherwise. The case was reviewed by the District Judge; but he made no finding that there was any equity for general creditors in the land or that the estate of the bankrupt would be in any way benefited by the sale free of liens. He merely confirmed the order of the referee, setting forth that this

was done for the reasons set out in the opinion of the latter.

We are not impressed by the argument of the Land Bank that in no case can the court sell property free of liens over the protest of a lienholder. The law is to the contrary, and was succinctly stated by the Supreme Court in the recent case of Van Huffel v. Harkelrode, 284 U. S. 225, 227, 52 S. Ct. 115, 116, 76 L. Ed. 256, as follows: "The present Bankruptcy Act (July 1, 1898, 30 Stat. 544, c. 541 [11 USCA § 1 et seq.]), unlike the Act of 1867, contains no provision which in terms confers upon bankruptcy courts the power to sell property of the bankrupt free from incumbrances. We think it clear that the power was granted by implication. Like power had long been exercised by federal courts sitting in equity when ordering sales by receivers or on foreclosure. First National Bank v. Shedd, 121 U. S. 74, 87, 7 S. Ct. 807, 30 L. Ed. 877; Mellen v. Moline Malleable Iron Works, 131 U. S. 352, 367, 9 S. Ct. 781, 33 L. Ed. 178. The lower federal courts have consistently held that the bankruptcy court possesses the power, stating that it must be implied from the general equity powers of the court and the duty imposed by section 2 of the Bankruptcy Act (11 USCA § 11) to collect, reduce to money and distribute the estates of bankrupts, and to determine controversies with relation thereto." .

And in Gantt v. Jones (C. C. A. 4th) 272 F. 117, 118, one of the cases cited by the Supreme Court in Van Huffel v. Harkelrode, the late Judge Woods, speaking for this Court, stated the rule as follows: "The power to sell a bankrupt's property free from liens is not expressly conferred by the statute. But such a sale is often necessary to the due execution of the power and duty to reduce the assets to money and distribute it to creditors. This necessarily implied power of the court of bankruptcy as a court of equity has been asserted in numerous cases. 7 C. J. 231, § 359, note. At such sale the purchaser takes the same title as if the sale were made in any other court of equity to foreclose the mortgages or to marshal the assets of an insolvent, with all lienholders, and other parties in interest before the court. This title is good against the mortgagor, the mortgagees, and all their privies, including the wife of the mortgagor, who has renounced her dower. So, also, the proceeds of sale come into the hands of the bankrupt court for distribution among creditors precisely as if the mortgage had been formally foreclosed."

And see, also, Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; Allebach v. Thomas (C. C. A. 4th) 16 F.(2d) 853; Union Electric Co. v. Hubbard (C. C. A. 4th) 242 F. 248; In re King (D. C.) 46 F.(2d) 112; In re Civic Center Realty Co. (D. C.) 26 F.(2d) 825; In re North Star Ice & Coal Co. (D. C.) 252 F. 301; Southern Loan & Trust Co. v. Benbow (D. C.) 96 F. 514; Collier on Bankruptcy (13th Ed.) vol. 2, p. 1758; Remington on Bankruptcy, §§ 2577, 2589; notes 35 A. L. R. 255, 258; 78 A. L. R. 458, 462.

Whether the bankruptcy court shall exercise the power to sell incumbered property of the bankrupt free of liens, or sell merely the bankrupt's equity of redemption subject to the incumbrances, is a matter resting in the sound discretion of the court. Allebach v. Thomas, supra; In re North Star Ice & Coal Co., supra; Sturgiss v. Corbin (C. C. A. 4th) 141 F. 1. But, ordinarily, the power to sell free of liens and thus in effect foreclose the mortgages should not be exercised, unless there is some equity for general creditors or some other benefit to the estate to be derived from this course. The liens of prior mortgages are not affected by bankruptcy; and, where they amount to more than the value of the property, the estate has no interest in their foreclosure, and should not be burdened with the costs and proceedings incident thereto. The rule applicable was thus stated by this court in Union Electric Co. v. Hubbard, supra, 242 F. 248, 250: "Where the admitted and uncontested liens on any part or portion of the bankrupt estate clearly exceed the value of that property, so as that it is manifest that under no circumstances there can be any fund therefrom to be administered for the unsecured creditors, the courts of bankruptcy have exercised the discretion of permitting the lien creditors to realize on their securities in their own way, either by permitting proceedings already commenced in state courts for that purpose to proceed or by permitting the lien creditors to exercise any powers of sale they may have, or to initiate proceedings in any court of competent jurisdiction they prefer, to realize on their security. This has been done upon the theory that, inasmuch as in such cases the property really belongs to the lien creditors, the bankrupt court is not required to burden it with the expense of an administration in bankruptcy, if the lien creditors prefer another method or tribunal for the administration."

And the Circuit Court of Appeals of the

Eighth Circuit, speaking through Judge Hook in Re Harralson, 179 F. 490, 492, 29 L. R. A. (N. S.) 737, stated the rule even more strongly, saying: "A court of bankruptcy should not assume charge of incumbered property and liquidate the liens on it, unless there are reasonable grounds for believing some advantage will accrue to the bankrupt's estate. If the validity of the liens is unquestioned, and their amount is such that there is probably no excess of value in the property, it should be surrendered to the lienholders or others entitled, unless some other reason appears for retaining control. A court of bankruptcy is not a court of general jurisdiction for the adjudication of controversies or the administration of assets in which the bankrupt's estate is in no wise interested."

And Judge Hough, speaking for the Circuit Court of Appeals of the Second Circuit in Re Franklin Brewing Co., 249 F. 333, 335, thus states the rule: "We have recognized the power of the court sitting in bankruptcy to sell free and clear of liens, and transfer the same to the proceeds of sale. * * * It is good practice, and the usual procedure in this circuit, not to order such sales unless there is a fair prospect that the proceeds will at least discharge the lien. * * * The reason, or one very good reason, for this forbearance, is that, unless more is produced by sale than the lien debt, there is nothing coming to the estate in bankruptcy; therefore the bankruptcy court does not meddle with what it can never administer."

And the following language used by the Circuit Court of Appeals of the Second Circuit in the receivership case of Seaboard Nat. Bank v. Rogers Milk Products Co., 21 F.(2d) 414, 417, is pertinent where a sale free of liens cannot benefit the bankrupt estate: "There is no doubt but that there were enough valid bonds, so that no equity could remain for general creditors. We can conceive of no benefit which the estate in receivership could obtain by selling free of liens, and of no interest which the receivers could have in so selling, except to get fees for themselves and their attorneys. We wish to condemn in no uncertain terms the practice of permitting the receiver to sell free of liens and without the consent of the lienors, under such circumstances."

And to the same general effect are In re Civic Center Realty Co., supra; In re North Star Ice & Coal Co., supra; In re Cutler & John (D. C.) 228 F. 771; In re American Magnestone Co. (D. C.) 34 F.(2d) 681; In re Pittelkow (D. C.) 92 F. 901; 3 R. C. L. 306; 7 C. J. 231; Remington on Bankruptcy § 2383; Collier on Bankruptcy (13th Ed.) vol. 2, p. 1758; notes 35 A. L. R. at page 258, and 78 A. L. R. at page 462.

The question as to whether a sale free of liens may include the inchoate right of dower of the wife of the bankrupt is not presented by this appeal. See Gantt v. Jones, supra (C. C. A.) 272 F. 117, and In re Glenn (D. C.) 2 F. Supp. 579, 588. But, certainly, where there is no equity for the estate, the court should not order the sale free of liens but subject to the inchoate dower right of the wife of the bankrupt, and thus prevent the mortgagee from securing a foreclosure in which the land could be sold free of the dower right.

The court below seems to have ignored the rule that a sale free of liens should be made only where there are reasonable grounds for believing that some advantage will accrue thereby to the estate of the bankrupt. At least there is no finding of facts from which it appears that the value of the mortgaged property is in excess of the amount of the mortgage debt or that it is in the interest of the bankrupt's estate that the court assume charge of the mortgaged property and liquidate the liens against it. The opinion of the referee, adopted by the court, holds in effect that the court is without power to surrender the property to the lienholders in order that the mortgages against it may be liquidated by them; and in this, as we have seen, there was error. The order appealed from will be reversed, and the cause will be remanded to the end that the court below may find the facts and exercise its discretion in accordance with the principles herein set forth.

In No. 3592, the appeal under section 24a of the Bankruptcy Act (11 USCA § 47 (a), the appeal will be dismissed. In No. 3558, the appeal under section 24b of the act (11 USCA § 24 (b), the order of the court below will be reversed and the cause remanded.

No. 3558, reversed and remanded.

No. 3592, appeal dismissed.