## NEW LIBERTY LOAN & SAVINGS ASS'N v. NUSBAUM.

## In re COHEN.
### No. 3542.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

Raphael Walter, of Baltimore, Md. (Sykes, Nyburg, Goldman & Walter, of Baltimore, Md., and Sperry & Snider, of Clarksburg, W. Va., on the brief), for appellant.

Charles C. Scott, of Clarksburg, W. Va. (Aaron Winer, of Clarksburg, W. Va., on the brief), for appellee.

Before PARKER, Circuit Judge, and WILLIAM C. COLEMAN and CHESNUT, District Judges.

PARKER, Circuit Judge.

This is an appeal from an order directing the sale free of liens of certain incumbered property of a bankrupt. The property was appraised at $35,000. The amount of the valid incumbrances against it is in excess of $52,000. It appears that the first incumbrancer petitioned the court to release the property from the administration of the bankruptcy court, but its petition was denied. The fourth incumbrancer, holding a debt of $15,000 secured by mortgage, objected to the order directing sale free of liens and duly appealed from that order. There is no contention that there is any equity in the property from which general creditors can benefit in any way; and no reason appears why the estate of the bankrupt should bear the expense of foreclosing the liens against the incumbered property or why the bankruptcy proceedings should be complicated by the liquidation of liens which could inure to the benefit of the lienholders only. The order of the referee recites that it appears for the best interest of creditors that the sale free of liens be made by the bankruptcy court; but no facts are found which would justify such conclusion, and the opinion of the referee shows that his action proceeded from the erroneous view of the law to which we have adverted in the case of Federal Land Bank of Baltimore v. Kurtz, 70 F.(2d) 46, this day decided. For the reasons given in the opinion in that case, the order appealed from will be reversed, and the cause remanded to the end that the court may find the facts and exercise its discretion in accordance with the principles set forth in that opinion.

Reversed.