## In re MILLER et al.

### MILLER v. KLEIN.

No. 6367.

Circuit Court of Appeals, Seventh Circuit.
March 19, 1938.

David K. Tone and Henry Pollenz, both of Chicago, Ill., for appellant.

Ross Langdon, Edwin D. Lawlor, and Robert McCormick Adams, all of Chicago, Ill., for appellees.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The bankrupts were husband and wife, whose causes were consolidated in the District Court. The husband appeals from an order directing that the real estate be sold free and clear of liens, except taxes; that the liens be transferred to the proceeds

of sale; that there be paid therefrom, first, the cost and expense of sale and of preservation and maintenance of the property during pendency of the proceedings; second, first mortgage indebtedness; third, second mortgage indebtedness; and fourth, out of the remainder, if any and to the extent possible, the homestead exemption.

The bankrupt insists that the trustee had no title to the homestead and no right to administer thereon and that the court had no jurisdiction to determine the existence or validity of a lien upon exempt property or to enforce it against said property.

The record submitted to us contains none of the evidence, and the facts, in so far as they are material, must be found in the undisputed allegations of the petition of the trustee and that of the mortgagee for sale and the referee's findings and conclusions. From these sources we glean the following: The two bankrupts owned as joint tenants an apartment building in the city of Chicago; one apartment in which they had occupied for some time as their home. This property was included in the schedules at a value of $32,000. There were liens upon same; taxes $4,325, a first mortgage securing bonds of $32,000, in default from March 1, 1934, and a second mortgage of $2,600. The total of the first mortgage indebtedness at the time the petitions for sale were filed was approximately $37,000. The property was appraised at the sum of $23,000. The bankrupts were entitled to a homestead in the premises, but had effectually waived the same in each of the mortgages. The referee found that segregation of the homestead was impossible; that the first mortgagee had requested the court to sell the premises free of liens and entered an order as prayed. Upon review, the District Court approved.

■ The bankruptcy court has jurisdiction and power to sell property of a bankrupt estate free from incumbrances. Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453. Whether it should take jurisdiction of incumbered property, however, is within the sound discretion of the court. Federal Land Bank of Baltimore v. Kurtz, 4 Cir., 70 F.2d 46. Ordinarily, the power to sell free of liens and thus, in effect, foreclose the mortgages, should not be exercised unless there is some equity for the general

creditors or some other benefit likely to inure to the estate. This rule has been adopted upon the theory that where incumbrances are such that property is really that of the secured creditors, the bankruptcy court is not required to burden itself with the expense of administration if such creditors prefer another method or tribunal. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106; Federal Land Bank of Baltimore v. Kurtz, supra; Union Electric Co. v. Hubbard, 4 Cir., 242 F. 248; Kimmel v. Crocker, 10 Cir., 72 F.2d 599. In other words, if the validity of the liens is unquestioned and their amount is such that there is probably no excess of value in the property for the general creditors, it should be surrendered to the lienholders, unless some unusual reason appears justifying retention of control. In re Harralson, 8 Cir., 179 F. 490, 29 L.R.A.,N.S., 737; In re Franklin Brewing Co., 2 Cir., 249 F. 333. The courts have felt quite free to hold that it is an abuse of discretion for the District Court to take jurisdiction of incumbered property in which it is obvious there is no equity for the bankrupt estate and to sell the same free of liens without the consent of the lienors. Seaboard National Bank v. Rogers Milk Products Co., 2 Cir., 21 F.2d 414; In re National Grain Corp., 2 Cir., 9 F.2d 802; Federal Land Bank of Baltimore v. Kurtz, supra; Gantt v. Jones, 4 Cir., 272 F. 117. Quite generally the courts have not approved of the exercise of jurisdiction over incumbered property to the extent of selling same free of liens, where it is apparent that the purpose is, over the objection of the lienholders, to subject the property to the cost of administration in the bankruptcy court. Seaboard National Bank v. Rogers Milk Co., supra. Such procedure, we agree, is an abuse of the discretion lodged in the bankruptcy court.

■■ But here the lienholder itself sought the relief prayed. The bondholders under the mortgage presented their several petition for such a sale. They justified the prayer for relief upon the claim that a sale by the bankruptcy court could be had with less delay, less cost and more efficient results than a foreclosure in the state court, where a redemption period of fifteen months is interposed by the statute before a deed may issue. Further, they

contended that a sale free and clear of liens would produce better and higher bids than a sale in the state court subject to such equity of redemption. This equity of both debtors passed to the trustee in bankruptcy, and inasmuch as the ownership of the property was one in joint tenancy no right of dower existed. In this situation, the bondholders insisted and continue to assert that such a sale could injure no one, but rather could only benefit all parties in interest.

Consequently the question submitted to us is whether the District Court abused its discretion by ordering sold free and clear of liens property worth less than the incumbrances against the same, not only with the consent but at the prayer both of the trustee and of the first mortgage bondholders. It is not a question of lack of power to grant the relief; it is a question of whether the discretion lodged in the District Court has been abused. Considering the facts and circumstances and upon the record before us we are not persuaded there was an abuse of discretion.

Such discretionary power should not be disturbed unless it appears to have been improvidently exercised, especially where the referee reports that he believes it to be for the best interest of the estate to order a sale free of incumbrances. In re National Grain Corp., 2 Cir., 9 F.2d 802. Similar discretionary acts have been approved in Gantt v. Jones, 4 Cir., 272 F. 117; In re Glenn, D.C., 2 F.Supp. 579; In re Gish, D.C., 32 F.2d 322; In re Cook, D.C., 7 F.2d 838; In re Gimbel, 5 Cir., 294 F. 883; In re King, 4 Cir., 46 F.2d 112; Bank of Nez Perce v. Pindel, 9 Cir., 193 F. 917; In re Little, D.C., 110 F. 621.

But it is urged that the bankruptcy court does not take jurisdiction of exempt property and that the court should have set the property off to the debtors as exempt, because of their homestead estate therein in the sum of $1000. Under the Illinois Revised Statutes, 1937, c. 52, §§ 1 to 11, inclusive, the parties were entitled to an estate of homestead of the value of $1,000. This they had waived under the mortgages; consequently, it could apply only to the equity of redemption which passed to the trustee in bankruptcy, subject to the estate of homestead. In ordinary practice, if property is subject to division, an estate of $1,000 is set off to the debtor. However, in case the property is not divisible and an aliquot part of the property cannot be set off, the statute provides for an appraisement, section 11, and power is given a court of equity to sell the property and to protect the homestead, by providing that from the proceeds of sale $1,000 shall be paid in satisfaction of the homestead. Grote v. Grote, 275 Ill. 206, 113 N.E. 967; Hertz v. Buchmann, 177 Ill. 553, 53 N.E. 67; Macaulay v. Jones, 295 Ill. 614, 129 N.E. 520. Thus Remington, citing cases, concludes: "And where the exempted property is not separable from the assets belonging to the estate without manifest injury, it is held, in accordance with the laws of some states, that the entire lot may be sold and the exemptions transferred to the proceeds of sale." 3 Remington on Bankruptcy, § 1346, p. 218. This court said in Re Kane, 7 Cir., 127 F. 552, 554: "It is true that statute provided that the debtor should select the articles. The bankruptcy law allowed that exemption, recognizing the public benefit of such exemption. But the manner of its allowance is reserved to the bankruptcy court, and its action is not controlled by the specific manner of allowance prescribed by the state law, for the trustee is to set off to the bankrupt the exemptions claimed, with the estimated value of each article; and cases are not infrequent, where it appeared for the benefit of all concerned that the stock should be sold as an entirety, that it was so sold by arrangement between creditors and debtor, and courts have upheld the claims of the debtor to the value of his exemptions from the proceeds of the sale. And that is just. Here the entire stock of goods was mortgaged, and in possession of the mortgagee, and advertised for sale. The debtor could not claim any specific article as exempt, because every article was subject to the mortgage, and no one article could be set apart to the debtor. The entire stock was subject to sale to satisfy the lien of the mortgage."

The court of bankruptcy, having found that the property was indivisible and that the segregation of the bankrupts' homestead was impossible, as a court of equity, had full power and authority to follow substantially the procedure provided by the statutes of Illinois by directing a sale and ordering the exemption satisfied therefrom. Under the Bankruptcy Act it is the court's duty to set apart the bankrupt's

444

exemption, section 47a(11), 11 U.S.C.A. § 75(a) (11), and under section 24, as amended 11 U.S.C.A. § 47 the bankrupt's exemptions are in nowise affected by bankruptcy. The court has power also under section 2 (15), 11 U.S.C.A. § 11(15) to make such orders, issue such process, and enter such judgments, in addition to those specifically provided, as may be necessary for the enforcement of the provisions of the act. The court, being one of equity and being bound by direction of the act to set off exemptions, and finding it impossible to segregate the exemption from the remainder of the estate without a sale of the property, properly provided that the required action should be achieved by a sale free of liens and adequate protection of the homestead, in substantial compliance with the procedure provided for the state court. This we believe was in accord with the statutory direction to set off the estate of the homestead, for, in view of the impossibility of segregation there was no other manner by which the provisions of the act could be achieved.

We conclude, therefore, that the court had power to sell free and clear of liens and the homestead; that whether it should do so was within its sound discretion; that there are no facts in the record to impeach the soundness of the discretion exercised; that the lienholders have not only consented, but have requested the exercise of the power; that the court has proceeded in the only feasible manner possible; that it has set off the homestead as provided by the statutes of the state of Illinois; and that no error appears in the record.

We do not mean to imply that courts of bankruptcy shall at all times exercise the power with which they are endowed in such cases. Whether the discretion to act shall be exercised by the court is to be determined upon the particular facts and circumstances. The rules announced in the beginning of this opinion are sound and well established. Consequently, courts of bankruptcy should refrain from taking jurisdiction of property in which there is no equity over the objection of the lienholder and it should refuse such jurisdiction where it is obvious that the only purpose to be served is that of building up fees and expenses for officials of the bankruptcy court. Whether such sale shall be made is in every case a question for the sound discretion of the court under the particular facts and circumstances of the case. The order of the District Court is affirmed.