In the Matter of **RAYMOND SERVICE, INC., Bankrupt.**

No. 56099.

United States District Court
E. D. New York.
June 7, 1960.

Herman J. Zawin, New York City, for petitioner Helen Fishman.

Alfred A. Rosenberg, Brooklyn, N. Y., for trustee; Louis P. Rosenberg, Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

■ Petitioner, Helen Fishman, seeks review of an order of the Referee in Bankruptcy that "the Trustee is authorized to sell the mortgaged chattels covered by the mortgage of Helen Fishman, free and clear of said lien and that the alleged lien, if any, attach to the net proceeds of the sale after the satisfaction of the balance due to the first mortgagee of said chattels to await the determination by this Court of the validity of the lien of the said mortgage and the extent thereof * * *." It is alleged that the Referee was in error (i) in directing the sale of the chattels free and clear of the mortgages, (ii) in directing the sale prior to determining whether petitioner's mortgage was valid, and (iii) in failing to find the mortgage a valid lien. On oral argument the parties were in dispute as to whether petitioner's third ground for review was properly before this Court. That issue is premature since it is still pending before the Referee.

Petitioner, a 51-year old widow, without the advice or assistance of counsel, loaned $20,000 to her employer, the bankrupt herein, receiving in return a chattel mortgage subject to a prior mortgage on the same chattels. The loan was made on or about April 23, 1959, and the mortgage was executed on or about April 29, 1959 and left with the employer for the purpose of validating the same. The em-

ployer waited until May 13, 1959 before filing the document. At first the Referee ruled that the mortgage was invalid because of an unreasonable delay in filing the same and later he held that he would take the matter under advisement. In the meantime, however, he directed that the chattels be sold free and clear of encumbrances including the petitioner's mortgage, if any, and that all liens be transferred to the proceeds of the sale. After satisfying the first mortgage the proceeds remaining aggregated approximately $5,000.

■■ The question is raised whether, under the circumstances, the Referee had a right to sell the chattels free and clear of liens unless there was a reasonable expectation of a surplus available to the general creditors. The language of the cases is unequivocal that the bankruptcy court has no right to administer assets which belong exclusively to secured creditors and in which there is no equity for the general creditors. If the validity of the liens is unquestioned and their amounts exceed the value of the property, then the chattels should be surrendered to the lienholders. In re Miller, 7 Cir., 1938, 95 F.2d 441; Federal Land Bank of Baltimore v. Kurtz, 4 Cir., 1934, 70 F.2d 46; In re Franklin Brewing Co., 2 Cir., 1918, 249 F. 333.

The Trustee disputes the validity of the second mortgage on the grounds that it was never delivered and if delivered, it was not filed within a reasonable time. Petitioner claims that the filing by the bankrupt and the delivery of the Register's receipt to the petitioner was sufficient delivery and that any delay in filing was caused by the bankrupt. Considering the relation between the parties (employer-employee), it is possible that a claim of rescission might be asserted based upon misrepresentation or viola-

tion of a fiduciary obligation for an alleged failure to fully disclose to the petitioner the financial condition of the bankrupt or the defective nature of the security (if it is defective) at the time of the transaction. The Referee's ruling concerning the petitioner's claim does not foreclose this possibility although it indicates that the reason for reservation of his final decision upon the legality of the mortgage was to enable the petitioner to demonstrate that fourteen days' delay in the filing of a mortgage was not an unreasonable time. Apparently the Referee has concluded that a good delivery has been made.

■ In this case the validity of the second mortgage depends upon whether or not it was filed within a reasonable time (New York Lien Law, McKinney's Consol.Laws, c. 33, §§ 230 et seq.). What constitutes a reasonable time is a matter of fact depending upon all the circumstances. For instance, in Reconstruction Finance Corp. v. Weiner, 2 Cir., 1951, 192 F.2d 760, the lapse of seven days was held not to constitute an unreasonable delay. Indeed, in this district it has been held that whether a mortgage issued in November, 1952 and filed in March, 1953 was void or not depended upon "whether any claim or claims of creditors of the bankrupt accrued between the dates [the mortgages were executed] and the date of filing of the said chattel mortgages." In re Cerda, D.C.E.D.N.Y.1954, 119 F.Supp. 740, 741. At the adjourned hearing the petitioner will have an opportunity to explore all the above mentioned issues.

■ Since the validity of the second mortgage was questionable, the discretionary power of the Referee in ordering the sale of the property should not be disturbed. This opinion shall constitute an order.